U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

APR - 9 2010

CLERK, U.S. DISTRICT COURT
By _____
Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

GRACIE WALKER                §
                             §
                             §
VS.                          §   NO. 4:09-CV-603-A
                             §   (NO. 4:07-CR-003-A)
                             §
UNITED STATES OF AMERICA     §

MEMORANDUM OPINION
and
ORDER

Came on to be considered the motion of movant, Gracie

Walker, under 28 U.S.C. § 2255 to vacate, set aside, or correct

sentence.  Having reviewed the motion, the government's response,

movant's reply, referred to by her as a "traverse in reply," the

record of this case, and applicable legal authorities, the court

concludes that the motion should be denied.

I.

Background

On April 13, 2007, movant pleaded guilty, without a plea

agreement, to one count of conspiracy to distribute a controlled

substance in violation of 21 U.S.C. § 846.  The court on July 27,

2007, sentenced movant to a term of imprisonment of 290 months,

followed by a five-year term of supervised release.  On July 16,

2008, the Fifth Circuit affirmed movant's conviction and

sentence.  United States v. Walker, 289 F. App'x 678 (5th Cir.

2008).

On December 15, 2008, movant filed a motion for reduction of

sentence pursuant to 18 U.S.C. § 3582(c).  In the motion movant

maintained that she was entitled to relief based on certain
amendments to § 4A1.2 of the U.S. Sentencing Guidelines Manual,
found in Amendment 709 ("Amendment 709").  The court denied
movant's motion on January 7, 2009, on the grounds that she was
sentenced prior to the effective date of Amendment 709, and
Amendment 709 was not retroactively applicable.  Movant has
appealed the court's ruling on her motion to reduce sentence, and
that appeal is currently pending before the Fifth Circuit.

II.

## Grounds of the Motion

Movant claims she is entitled to relief for violation of her
Sixth Amendment right to effective assistance of trial and
appellate counsel. In her first ground of the motion, movant
contends trial counsel rendered ineffective assistance because he
recommended an "open plea" and failed to advise her of
application of the enhancement for career offender status, thus
rendering the plea unknowing and involuntary.  The second
through fifth grounds of the motion raise claims of ineffective
assistance of appellate counsel as follows: (2) failure to brief
and argue the erroneous application of the career offender
enhancement under § 4B1.1 of the U.S. Sentencing Guidelines
Manual; (3) failure to "advance preserved erroneous criminal
history calculations under §§ 4A1.1, USSG" (movant's Mem. of Law,
at 5); (4) failure to raise on appeal application of Amendment
709 to her criminal history; and (5) failure to pursue the issue
of sentencing disparity on appeal.

2

III.

Treatment of § 2255

To prevail on her ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 688, 694 (1984). Both prongs of the Strickland test must be met to demonstrate ineffective assistance. Id. at 687. "A court need not address both components of an ineffective assistance of counsel claim if the movant makes an insufficient showing on one." United States v. Stewart, 207 F.3d 750, 751 (5th Cir. 2000) (per curiam). Prejudice in sentencing means that but for counsel's error, a movant's sentence would have been significantly less harsh. Id. Judicial scrutiny of this type of claim must be highly deferential, and the movant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689. Conclusory allegations are insufficient to prove a claim of ineffective assistance of counsel. Miller v. Johnson, 200 F.3d 274, 282 (5th Cir. 2000).

Movant is entitled to no relief based on the alleged ineffective assistance of counsel because she has failed to meet the standard set forth by Strickland.

IV.

### None of the Grounds Has Merit

A.   Ground One

For a guilty plea to be knowing and voluntary, the defendant must have "a full understanding of what the plea connotes and of its consequence." United States v. Hernandez, 234 F.3d 252, 255 (5th Cir. 2000) (internal quotations and citations omitted). However, "[t]he defendant need only understand the direct consequences of the plea; he need not be made aware every consequence that, absent a plea of guilty, would not otherwise occur." Id. (internal citations omitted).

"The consequences of a guilty plea, with respect to sentencing, mean only that the defendant must know the maximum prison term and fine for the offense charged." Ables v. Scott, 73 F.3d 591, 592 n.2 (5th Cir. 1996) (internal quotations omitted). The defendant's representations, as well as those of his lawyer and the prosecutor, and any findings by the judge in accepting the plea, "constitute a formidable barrier in any subsequent collateral proceedings." Blackledge v. Allison, 431 U.S. 63, 73-74 (1977). Solemn declarations in open court carry a strong presumption of truthfulness, and a defendant bears a heavy burden to show that the plea was involuntary after testifying to its voluntariness in open court. Deville v. Whitley, 21 F.3d 654, 659 (5th Cir. 1994).

At her rearraignment hearing, movant testified that she had received a copy of the indictment and understood the charges

4

against her, that she read the factual resume, discussed it with her attorney, and understood its "legal significance" before signing it.   Rearraignment Tr. at 21-22.   She further testified that she had read the superseding indictment, understood the things the government would have to prove to cause her to be convicted of the offense charged in count one of the superseding indictment, and admitted that all of the facts existed in this case.   Id. at 28-29.   Movant also testified that she understood that she faced a term of imprisonment of not less than ten years nor more than life, as well as a fine of up to $4,000,000.   Id. at 32, 34.   Movant's testimony affirmatively demonstrates her guilty plea was knowing and voluntary, and the court so held during the rearraignment hearing.   Id. at 44.

Movant's claim that her counsel failed to apprise her of a possible career offender enhancement is contradicted by the record.   At rearraignment, movant testified that she had discussed with her attorney how the sentencing guidelines would apply to her case, and that she understood the Court would be unable to determine the guideline range for her sentence until after completion of the presentence report.   Id. at 11-12.

Movant's claim that she gained nothing by her guilty plea is similarly without merit.   Movant received a three-level reduction for acceptance of responsibility, including one level specifically for her guilty plea, which would have been unavailable to her had she proceeded to trial.   In her reply, movant contends that under the U.S. Sentencing Guidelines Manual,

electing to proceed to trial does not automatically preclude a reduction for acceptance of responsibility.  The 2006 U.S. Sentencing Guidelines Manual, in effect at the time of movant's sentencing, provides that the adjustment for acceptance of responsibility "is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt, is convicted, and only then admits guilt and expresses remorse."  U.S. Sentencing Guidelines Manual § 3E1.1 cmt. n.2 (2006).  The guidelines further emphasize that only in "rare" situations may a defendant proceed to trial and gain a reduction for acceptance of responsibility, typically only where a defendant "assert[s] and preserve[s] issues that do not relate to factual guilt" such as a constitutional challenge. Id.  Movant has presented no such "rare" circumstances here. Thus, the court concludes that movant gained an advantage by her guilty plea, her plea was knowing and voluntary, and her claim of ineffective assistance of counsel on this ground is without merit.

B.   Ground Two

To prevail on any of her claims of ineffective assistance of appellate counsel, movant must prove both that counsel's legal representation was objectively unreasonable and that, but for counsel's unreasonable failure, there is a reasonable probability she would have prevailed on her appeal.  Smith v. Robbins, 528 U.S. 259, 285 (2000).  Movant has failed to make the required showing.

6

Movant contends that appellate counsel failed to properly challenge on appeal the career offender enhancement.  Although the Fifth Circuit found that counsel had not adequately briefed the issue, it concluded that even if the issue were properly before the court, "it would not warrant a reversal."  Gov. App. at 1-2 (United States v. Walker, 289 F. App'x 678 (5th Cir. 2008)).  Movant thus cannot show that she was prejudiced by appellate counsel's alleged errors.

C.   Ground Three

Movant has included the issues raised in her third ground in her appeal to the Fifth Circuit of this court's denial of her motion to reduce sentence.  To the extent that movant now claims Amendment 709 should have been retroactively applied to her sentence, such a claim is not cognizable under § 2255.  See, e.g., United States v. Imitiaz,  1994 WL 243454 at *2 (5th Cir. May 20, 1994).  To the extent movant claims her appellate counsel was ineffective for failing to raise on appeal the application of Amendment 709 to her sentencing, this claim lacks merit. Amendment 709 was not made retroactively applicable, and any argument that it should have been retroactively applied to movant would have been frivolous.  See U.S. Sentencing Guidelines Manual § 1B1.10 (November 1, 2008).  Counsel is not required to raise every non-frivolous argument, nor any frivolous one, on appeal. See U.S. v. Reinhart, 357 F.3d 521, 525 (5th Cir. 2004).

D.   Ground Four

This ground raises the same issue as in ground three, that

movant contends she is entitled to a retroactive application of Amendment 709.  For the reasons discussed under section III. C., supra, movant cannot prevail on this claim.

E.   Ground Five

Movant's claim that she is entitled to relief solely on the basis of disparity in sentences between her and her co-defendants is without merit.  A defendant "cannot rely upon [her] co-defendants' sentences as a yardstick for [her] own," and disparity of sentences, without more, does not show error which movant's counsel was required to raise on appeal.  United States v. Stalnaker, 571 F.3d 428, 442 (5th Cir. 2009) (citing United States v. Devine, 934 F.2d 1325, 1338 (5th Cir. 1991)).

It further appears that several pages of the motion under this ground are devoted to discussing the sentencing guidelines generally, and arguing that the court erroneously applied the guidelines to movant's case.  It is well-settled, however, that application of the sentencing guidelines is not subject to collateral review in a motion pursuant to § 2255.  See, e.g., United States v. Williamson, 183 F.3d 458, 462 (5th Cir. 1999).

Finally, to the extent movant contends the disparity between her sentence and that of her co-defendants rendered her sentence unreasonable, movant's guideline range was 262 to 327 months.  Sentencing Tr. at 10.  The court sentenced movant to a term of imprisonment of 290 months, well within the guideline range.  A sentence within the guideline range is presumptively reasonable.  United States v. Mares, 402 F.3d 511, 519 (5th Cir. 2005).

V.

ORDER

Therefore,

For the reasons discussed above,

The court ORDERS that the motion of Gracie Walker to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 be, and is hereby, denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as movant has not made a substantial showing of the denial of a constitutional right.

SIGNED April 9, 2010.

_____
JOHN McBRYDE
United States District Judge

9